IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMBROSE SUNDAY OHIDE, #66525-509, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:24-cv-00827-N (BT) |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The Court opened this civil action when Ambrose Sunday Ohide filed a document in his criminal case seeking the return of seized property pursuant to Federal Rule of Criminal Procedure 41(g). *See United States of America v. Ambrose Sunday Ohide*, 3-21-cr-00434-N-1 (Doc. 77 in criminal case). At that time, Ohide was incarcerated in the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. Because Ohide did not pay the full $405.00 filing fee or apply for leave to proceed *in forma pauperis* (IFP) with the required certificate of inmate trust account, the Court issued an order and notice of deficiency (NOD) requiring Ohide to correct these deficiencies by May 3, 2024. ECF No. 5. The Court warned Ohide that his failure to comply with the NOD could result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

But the NOD, as well as other typical documents sent to *pro se* prisoner litigants when a civil case is opened, was returned to this Court as undeliverable

because Ohide was discharged from the Tallahatchie County Correctional Facility. ECF Nos. 6, 7. Ohide has not provided the Court with his current address. In fact, he has not communicated with the Court in any way since he filed the document that initiated this case.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Here, in contravention of the local rules of this Court, Rule 41(b), and the Court's standard instructions to *pro se* prisoners, Ohide has failed to keep the Court apprised of his address. *See* ECF No. 4 ("Instructions to a Prisoner *Pro Se* Plaintiff"); *Thompson v. Beatty*, 2023 WL 5311518, at *1 (N.D. Tex. July 28, 2023) ("Under Rule 41(b), the plaintiff has a duty to keep the Court apprised of any address changes."), *rec. accepted* 2023 WL 5312210 (N.D. Tex. Aug. 17, 2023)

2

(citing *Lewis v. Hardy*, 248 F. App'x 589 593 n.1 (5th Cir. 2007)); N.D. Tex. Civ. R. 1.1 (c)(2), 83.13, and 83.14.

Given these circumstances, this case cannot proceed because the Court cannot communicate with Ohide. As a result, the District Judge should dismiss Ohide's case without prejudice for failure to prosecute and failure to follow Court orders.

## Recommendation

The District Judge should dismiss Ohide's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

SO RECOMMENDED.

Dated May 15, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).